### STATE v. NELSON.

An indictment which charges the stealing of corn *in the field* does not charge the statutory offence of stealing *from the field*, but does charge the offence of simple larceny ; and therefore, after a general verdict of guilty on such an indictment, judgment should not be arrested.

Before HUDSON, J., Sumter, October, 1887.

The opinion states the case.

*Messrs. Edwards & Whittaker*, for appellant.

*Mr. Gilland*, solicitor, contra.

February 1, 1888.    The opinion of the court was delivered by Mr. Justice McGowan.    At the October term of the court for Sumter County the defendant was indicted for "that Pharaoh Nelson, &c., with force and arms, &c., one-half bushel of corn of the value of fifty cents, of the proper goods and chattels of Robert W. Burkett, *in the field* of the said Robert W. Burkett, then and there being found, feloniously did steal, take, and carry away against the form of the act of the general assembly of said State in such case made and provided, and against the peace and dignity of the State aforesaid," &c.    Upon this indictment the defendant was tried and found "guilty."    A motion was made in arrest of judgment, which was refused, the trial judge saying: "If the indictment does not charge that Pharaoh Nelson stole a half

bushel of corn *'from the field'* of Robert W. Burkett, I cannot understand what it does charge. The allegation is that the corn was found *in the field* and feloniously stolen, taken, and carried away. Away from where? From the field. It can't mean anything else. I hold it a good count under the statute. I further hold that even if not good under the statute, it was a good count for petit larceny." And accordingly the defendant was sentenced to one year at hard labor in the State penitentiary, and he appeals to this court upon the following grounds: "I. Because the indictment was fatally defective in that it charged the corn alleged to have been stolen as being 'in the field' of one Robert W. Burkett, instead of following the language of the statute, which describes the offence to be stealing grain or cotton 'from the field,' and his honor erred in overruling the motion in arrest of judgment. II. Because his honor erred in holding the indictment as a good indictment for petit larceny."

It may be true, as held below, that the charge of finding corn in the field, and feloniously taking and carrying it away, would ordinarily be considered as, in effect, a charge of stealing "from the field." But it must be remembered that the phrase, "from the field," as it occurs in section 2487 of the General Statutes, necessarily has a technical and special significance, pointing to and indicating "products of or outgrowth from the field." The proper construction of the phrase in its connection was carefully considered in the case of *The State* v. *Shuler* (19 *S. C.*, 140), which, upon the point here made, was identical with this case. In that case it was held that an indictment which charges the stealing of corn "in the field" is fatally defective under the statute, which makes stealing "from the field" a felony. We think the Circuit Judge erred in ruling that the indictment properly charged the particular offence which was created by the section of the general statutes above cited.

But we do not consider the second ground in arrest of judgment as well taken. While the allegation of the indictment was not sufficient to charge the particular statutory offence of stealing grain "from the field," we agree with the Circuit Judge that it was sufficient to charge the offence of simple larceny, and the jury having found a general verdict of "guilty," we cannot arrest

the judgment. In the case of Shuler, above cited, the indictment was held sufficient to support a verdict for petit larceny.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.